## McCAWLEY v. FLEISCHMANN TRANSP. CO.

United States District Court
S. D. New York.

Oct. 7, 1950.

Jacob Rassner, New York City, for plaintiff.

Corydon B. Dunham, New York City (Xavier N. Sardaro, New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by plaintiff for an order vacating and setting aside the order of this court, dated April 8, 1949, dismissing the action for lack of prosecution, under General Rule 30 of this court, without prejudice and without costs, and for an order restoring the case to the calendar for trial. The motion papers were served on September 16, 1950.

The action is by a seaman for damages for personal injuries alleged to have been sustained on June 23, 1943. The complaint was filed on September 22, 1943. It appears from the files and from the docket of the Clerk of the court that on December 17, 1948, Judge Knox conducted a special Calendar Call under Rule 30; that at that time plaintiff was given 90 days in which to discontinue, dismiss, or otherwise move; that, nothing having been done, Judge Knox entered an order on April 8, 1949, dismissing the action for lack of prosecution, under the Rule, without prejudice and without costs; and that on the same day the Clerk mailed to the attorneys a notice of such dismissal, as required by the Rule. Plaintiff's attorney does not deny that he received this notice; all that he says is that it did not come to his attention. Defendant's attorney admits that he received the notice on April 11, 1949.

Rule 60(b) of the Amended Federal Rules of Civil Procedure, 28 U.S.C.A., provides so far as applicable here, that "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

Plaintiff says in his affidavit that the dismissal order was not due to any deliberate act or default on his part, but solely through inadvertence and circumstances beyond his control, but his attorney says in his brief that the motion should be granted under Rule 60(b)(6). So far as the motion is based on inadvertence it must be denied, for the limitation of one year within which such a motion may be made is mandatory and may not be disregarded. Wallace v. United States, 2 Cir., 142 F.2d 240.

It is admitted that plaintiff appeared at the office of defendant's attorney for examination before trial on January 24, 1949, and that the examination was adjourned *sine die*. The argument that this indicated plaintiff's intention to proceed with the case, and that, had the court known the fact, it would not have entered the dismissal order, is quite immaterial, for it was the duty of plaintiff's attorney to inform the court. Moreover, it is not denied that, as defendant's attorney says, plaintiff was too intoxicated at the time to be examined.

No sufficient reason appears to justify granting this motion under Rule 60(b)(6); and, as defendant's attorney points out, the witnesses to the accident are seafaring men whom it would probably be impossible to locate now, after the lapse of more than seven years.

The motion is accordingly denied.