316 F.2d 541
 Mary COSTA, William Costa and Effie Rossi, Plaintiffs-Appellants,
v.
George CHAPKINES, Vincent Barbieri, Anthony Sessa, Inc., James Agoropoulos, Peter R. Angerame, Inc., and Louis Basis, Defendants-Appellees.
 No. 273.
 Docket 27960.
 United States Court of Appeals Second Circuit.
 Argued March 14, 1963.
 Decided April 17, 1963.
 
 Greenfield, Rothstein, Klein & Yarnell, New York City, for plaintiffs-appellants.
 William F. Larkin, New York City (James M. Furey, Thomas J. Walsh, Schaffner & Furey, New York City, of counsel), for defendants-appellees, Vincent Barbieri, Anthony Sessa, Inc., and Peter Angerame, Inc.
 Patrick E. Gibbons, Terhune, Gibbons & Mulvehill, New York City, for defendant-appellee, George Chapkines.
 Warburton, Hyman, Deeley & Connolly, Mineola, N. Y., for defendant-appellee, James Agoropoulos.
 Before LEONARD P. MOORE, FRIENDLY and J. JOSEPH SMITH, JJ.
 PER CURIAM.
 
 
 1
 This is an appeal from the denial of a motion to vacate the dismissal of plaintiffs' action for want of prosecution. The action was brought on January 9, 1959, for personal injuries allegedly occurring on September 21, 1957. By order of Chief Judge Ryan on the Review Calendar Call dated December 20, 1960, the action was to be dismissed if a note of issue was not filed within six months. No action having been taken by plaintiffs, the order of dismissal was entered on June 28, 1961. Sixteen months later, on October 22, 1962, a motion was made to vacate the dismissal which was denied.
 
 
 2
 Appellants claim that their failure to take any action was due to the serious illness of their attorney resulting in his death during July of 1962. Their motion must be read as coming clearly within subdivision (1) of Rule 60(b), Fed.R. Civ.Pro., providing for relief from judgment in cases of "[M]istake, inadvertence, surprise, or excusable neglect." As such, the motion made over one year after judgment was untimely. When the grounds for relief fall within subdivisions (1), (2) or (3) of Rule 60(b), the Court is restricted by the one-year limitation and cannot grant relief under subdivision (6) which allows motions to be made within a reasonable time. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, modified, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); United States v. Karahalias, 205 F.2d 331 (2d Cir. 1953); 7 Moore, Federal Practice ¶ 60.27(1) (2d ed. 1955).
 
 
 3
 Affirmed.