Ray HAWKINS, individually and on behalf of all other common stockholders of The Tonopah Mining Company of Nevada similarly situated, Plaintiff-Appellant,

v.

Thayer LINDSLEY et al., Defendants-Appellees.

No. 123, Docket 28193.

United States Court of Appeals Second Circuit.

Argued Oct. 31, 1963.

Decided Feb. 5, 1964.

Lillian Eichman, New York City, for appellant.

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, for certain defendants; Herbert J. Jacobi, New York City, of counsel.

Sullivan & Cromwell, New York City, for certain defendants; Marvin Schwartz, New York City, of counsel.

Milton Pollack, New York City, for The Tonopah Mining Co. of Nevada; Milton Pollack and Irving K. Rubin, New York City, of counsel.

Before SWAN, CLARK* and MARSHALL, Circuit Judges.

* Judge Clark heard · oral argument and participated in the decision of this case, voting to affirm. He died before the opinion was written.

**SWAN, Circuit Judge:**

This is an appeal from Judge Levet's order of February 20, 1963, denying plaintiff's motion under Rule 60(b) (1) and (6), F.R.Civ.P. to vacate various judgments and orders previously entered in this much-litigated action, and denying also plaintiff's motion under Rule 25 (a), F.R.Civ.P. to substitute as parties defendant the executors of certain deceased defendants. Plaintiff has also appealed from denial on March 22, 1963 of his motion for reargument.

Assuming *arguendo* that Judge Levet was right in denying plaintiff's motion under Rule 60(b), there was certainly no error in denying plaintiff's motion under Rule 25 to substitute as parties defendant the executors of deceased defendants.

■ As to plaintiff's appeal from denial of his motion for reargument, it will suffice to note that an order denying reargument is not appealable. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 149–50, 63 S.Ct. 133, 87 L.Ed. 146; Spampinato v. M. Breger & Co., 2 Cir., 270 F.2d 46, cert. den. 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363.

This is a derivative action commenced on July 26, 1957 by a stockholder of The Tonopah Mining Company of Nevada. An amended complaint was filed August 6, 1957.[1] The amended complaint was dismissed with prejudice by Judge Ryan on July 27, 1961. Sixteen months later, on November 28, 1962, plaintiff moved for vacation of the judgment of dismissal and of several prior judgments and orders. This is the motion denied by Judge Levet, from which plaintiff has appealed.

The amended complaint sought to set aside sales by Tonopah of all the stock of Tonopah Nicaragua Company which owned the Rosita mine located in Nicaragua. Tonopah was registered under the Investment Company Act of 1940, 15

1. Federal jurisdiction was claimed both under the Investment Company Act of 1940 and under diverse citizenship.

U.S.C. § 80a–1 et seq., and the sales of Tonopah Nicaragua stock, one of 60 per cent of the stock in 1950 and one of the remaining 40 per cent in 1952, were exempted by orders of the Securities and Exchange Commission based on the necessary statutory findings. The amended complaint charged that the transfer of the stock from Tonopah to Mines, Inc. had been made by Tonopah's directors at a price unfair to Tonopah, and in violation of the Investment Company Act of 1940, § 80a–17. This section prohibits transfers between "affiliated" companies without approval of the transaction by the Securities and Exchange Commission. Since Mines, Inc. and Tonopah were affiliated, they obtained the necessary approval. The amended complaint alleged that the approval had been fraudulently obtained through concealment of material facts, and that the directors had been derelict in their duties to Tonopah. Plaintiff sought a judgment rescinding the stock transactions and granting other relief. Four corporations in addition to Tonopah, and seven individuals were named as defendants.

Four of the individual defendants resided in Pennsylvania and were never served with process within the Southern District of New York. In September 1957 they moved for dismissal of the amended complaint on this ground. Their motion was granted by Judge Noonan on July 3, 1958. He ordered that the action as against these four, Nonamaker, Haehnlen, Alexander and McWilliams, be severed, that the title of the action be amended, and that judgment dismissing the action against them be entered.

On the same date Judge Noonan continued the action against the other three individual defendants and the five corporate defendants; ordered dismissal of the amended complaint to the extent that it sought to state a claim under the Investment Company Act of 1940; and granted leave to plaintiff to file and serve a second amended complaint in which he might state separately his claim for relief under state law based upon alleged breach of fiduciary duty.[2]

Appellant's present counsel has presented the case with such confused prolixity that it is difficult to follow her argument. In urging reversal of the order of July 3, 1958, which dismissed the amended complaint as against the four Pennsylvania defendants, she apparently relies on the "excusable neglect" of plaintiff's former attorney Beaudry. But Mr. Beaudry did not become plaintiff's attorney until more than three months after the amended complaint was dismissed as to the Pennsylvania defendants. Judge Levet's dismissal as to them was so clearly right as to require no discussion.

■ Assuming that Mr. Beaudry's neglect may have been prejudicial to plaintiff's case against the other defendants, this would not avoid the one year limitation of Rule 60(b)[3] nor are the circumstances so extraordinary as to make applicable 60(b)(6).[4]

The other orders and judgments challenged by the motion are the order of September 25, 1958, the order of June 1, 1961, the judgment of June 22, 1961 dismissing the action without prejudice and the judgment of July 27, 1961 dismissing it with prejudice.

The order of September 25, 1958, by Judge Noonan, dismissed the claim against Tonopah for relief under the Investment Company Act of 1940; di-

**2.** After repeated extensions of time granted to plaintiff to perfect his appeal, plaintiff's appeal from the judgment and order of July 3, 1958 was dismissed on October 3, 1960 for want of an appealable order, and plaintiff's motion for an extension of time in which to file his brief and appendix was denied. Subsequently an application for rehearing was denied by this court.

**3.** Terhune v. American Export Lines, Inc., 24 F.R.D. 70 (S.D.N.Y.), affirmed 2 Cir., 271 F.2d 127; Costa v. Chapkines, 2 Cir., 316 F.2d 541.

**4.** See Ackermann v. United States, 340 U.S. 193, 199–200, 71 S.Ct. 209, 95 L.Ed. 207.

rected that the amended complaint under state law for alleged breach of fiduciary duty be separately stated in a further amended complaint, and ordered plaintiff to furnish security to Tonopah under section 61–b of the New York General Corporation Law, McKinney's Consol.Laws, c. 23 in the amount of $50,000.

The order of June 1, 1961, again by Judge Noonan, denied plaintiff's motion to vacate or modify the order of September 25, 1958, requiring the posting of security pursuant to section 61–b of the General Corporation Law of New York. Plaintiff failed to post security and on June 22, 1961 Judge Ryan ordered dismissal of the action without prejudice. Thereafter on July 27, 1961 Judge Ryan ordered dismissal with prejudice.

Plaintiff appealed from the judgment of June 22, 1961, and of July 27, 1961. The notice of appeal was filed August 29, 1961. Defendants moved to dismiss the appeal for failure to take it within the time fixed by Rule 73(a), F.R.Civ.P. This court dismissed the appeals by orders dated October 23, 1961 and November 28, 1961. A petition for rehearing was denied December 28, 1961.

■ Appellant apparently also contends that the judgments and orders he seeks to set aside are void within Rule 60(b) (4). We see no basis for holding any of the judgments or orders void. It is contended Judge Ryan's judgment of dismissal with prejudice was void because entered when plaintiff's notices of appeal from prior orders were pending After Judge Ryan's dismissal without prejudice defendants moved on June 30, 1961, to amend the judgment to provide dismissal with prejudice. It was not until July 1 and July 21 that plaintiff filed notices of appeal. Prior to those dates defendants' motion had been presented to the District Court. Hence Judge Ryan had jurisdiction to grant it. See United States v. Crescent Amusement Co., 323

U.S. 173, 177–8, 65 S.Ct. 254, 89 L.Ed. 160; Napier v. Delaware Lackawanna and Western R. Co., 2 Cir., 223 F.2d 28, 30–31.

Plaintiff also contends that Judge Noonan's original order of July 1958 dismissing the federal claim was void; this invalidity, he contends, makes void all subsequent orders. Plaintiff relies on language in Schwartz v. Eaton, 2 Cir., 264 F.2d 195, cited by this court in dismissing the plaintiff's appeal from the order of July 1958. At page 197 of 264 F.2d, the opinion said that "the district court's action in attempting to dismiss a part of plaintiff's legal theories appears a nullity." The context and citations reveal that "nullity" meant only that the district court's order had no effect on the litigation

■ Plaintiff also relies on that part of Rule 60(b) permitting an independent action to relieve a party from a judgment or to set aside a judgment for fraud upon the court. Plaintiff's contention regarding fraud upon the court is no more than an attempt to prove that the defendants made misrepresentations to the S.E.C. in obtaining the original exemption order. That very issue was argued in 1958 before Judge Noonan, and no claim has been made that officers of the court attempted to secure action of the court on the basis of documents known by them to be false. Some such conduct seems to be required for a finding of fraud on the court. See Moore, Federal Practice § 60.33, at 512, as amended by 1962 Supp., page 24, and Martina Theatre Corp. v. Schine Chain Theatres, Inc., 2 Cir., 278 F.2d 798, 801. Judge Levet was correct in refusing to treat the motion as an independent action on the ground of fraud. None of the other possible grounds for sustaining an independent action has been proved. See 7 Moore, Federal Practice §§ 60.12–60.15 (2d ed. 1955).

The denial of plaintiff's motions is affirmed.