Eugene BROWN and Barbara Brown, Plaintiffs,

v.

Detective Joseph BURNSIDE, Detective "John Doe," Police Officer "Joe" Graff, the City of New York and the New York City Police Department, Defendants.

No. 78 CV 1872.

United States District Court, E.D. New York.

Feb. 19, 1986.

Robert Rivers, P.C., Hempstead, N.Y., for plaintiffs.

Frederick A.O. Schwarz, New York City Corp. Counsel (Robert Hyman, New York City, of counsel), for defendants.

## ORDER

McLAUGHLIN, District Judge.

Plaintiffs seek relief from an order of this Court that dismissed this case for lack of prosecution. The action was commenced in August 1978. After some discovery in 1979, there was no activity for almost two years. Accordingly, on November 4, 1981, this Court filed a Notice of Impending Dismissal for Failure to Prosecute, pursuant to Fed.R.Civ.P. 41(a)(2). When four months passed without further discovery, the case was dismissed on March 25, 1982.

In an effort to keep the case alive, plaintiffs pursued some discovery in 1982 and early 1983. The case has now been completely dormant for almost three years, and it has been almost four years since the dismissal was ordered.

Fed.R.Civ.P. 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding." The Rule enumerates several possible bases for this relief, including "mistake, inadvertence, surprise, or excusable neglect." Fed.R. Civ.P. 60(b)(1).

Here it was plaintiffs' failure to conduct discovery or take any other action that led to the dismissal for failure to prosecute. They claim that this resulted from an inability to schedule depositions at mutually convenient times. Plaintiffs never sought the Court's assistance in scheduling discovery, however, nor did they inform the Court of their problems until after they received the Notice of Impending Dismissal. Indeed, even in the four months after receipt of that Notice they conducted no discovery.

Although they do not specify in their moving papers the section of Rule 60(b) under which they move, plaintiffs appear to argue that the inaction that led to the dismissal was the result of mistake, inadvertence or excusable neglect. This motion under Rule 60(b)(1) must be denied, however, as the Rule is explicit that relief on this ground must be sought within one year of the order of dismissal. *See* Fed.R. Civ.P. 60(b) (motion under Rule 60(b)(1), (2) or (3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken"). The instant motion comes over two-and-one-half years after the order of dismissal and is therefore denied.

In order to avoid this result, plaintiffs in their reply papers attempt to style their motion as falling within Rule 60(b)(6). Motions under this section must be "made within a reasonable time," Fed.R.Civ.P. 60(b), but are not subject to the one-year limitation.[1]

This argument, too, is unavailing. It is well settled that a case cannot fall within both Rule 60(b)(1) and Rule 60(b)(6). *See Matter of Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir.1981); *U.S. v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.), *cert. denied*, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971); C. Wright, A. Miller & F. Elliot, *Federal Practice and Procedure* § 2864, at 216–18. In other words, the provisions are mutually exclusive: if a case falls within Rule 60(b)(1), a party cannot avoid the one-year limit by characterizing it as falling within Rule 60(b)(6).

"A quite typical kind of case [in which this problem arises] is that in which a party comes in more than a year after judgment to assert that he is the victim of some blunder by his counsel." C. Wright, A. Miller & F. Elliot, *Federal Practice and Procedure*, § 2864, at 221–22. These cases fit within the mistake, inadvertence, and excusable neglect grounds of Rule 60(b)(1). *See, e.g., Hawkins v. Lindsley*, 327 F.2d

---

1. Plaintiffs argue that the Court should regard the two-and-one-half year delay in bringing the motion as reasonable because the case file was lost in a law office move and the attorney responsible for "all of the pleading and law" for the case left the firm.

356, 358 (2d Cir.1964) (neglect of plaintiff's attorney); *Costa v. Chapkines,* 316 F.2d 541, 542 (2d Cir.1963) (dismissal for want of prosecution); *McCawley v. Fleischmann Transp. Co.,* 10 F.R.D. 624, 625 (S.D.N.Y. 1951) (dismissal for failure of plaintiff to proceed with case); *see also* C. Wright, A. Miller & F. Elliot, *Federal Practice and Procedure* § 2864, at 222 ("Claims of this kind seem to fit readily enough within [the grounds of Rule 60(b)(1),] and courts frequently have so reasoned and held that [Rule 60(b)(6) ] was inapplicable.").

Thus, this case is governed by Rule 60(b)(1), not Rule 60(b)(6).[2] As noted above, the motion is not timely under the applicable rule, and it accordingly is denied.

SO ORDERED.

---

**2.** I thus need not decide whether the delay of three years and nine months in bringing the motion would be reasonable under Rule 60(b)(6).