DILLINGHAM INVESTMENT CORPORATION, LOWELL S. DILLINGHAM, TRUSTEE, and DONN W. CARLSMITH, TRUSTEE, Plaintiffs–Appellees, v. KUNIO YOKOYAMA TRUST and SUMIYE KURAMOTO, Defendants–Appellants, and ROSELINE K. BORING, STATE OF HAWAII, KAMA AND HEIRS AND ASSIGNS OF KAMA, ANADAREA AND HEIRS AND ASSIGNS OF ANADAREA, MATIA MAHI AND HEIRS AND ASSIGNS OF MATIA MAHI, ADJOINING LAND-OWNERS AND/OR OCCUPANTS: ANNE KAANAANA, KELIIKIPI KELIIKULI (wife of J.L. Kaanaana Keliikuli), ELEMAKULE (husband of Kaulaloa), MAKA (wife of Akana), SAMUEL PAIALUA KAHUAINA (mother of Samuel Paialua), STEVEN KAANAANA KELIIKULI, KELIIKULI, JOSEPH F. KELIIKULI, JR., RACHEL KELIIKULI, A. FOLA, ANTHONY FEOLA, JR., ROGER FEOLA, DAVID W.K. FEOLA, ALBERTA J. FEOLA WILLIAMS, JOAQUIN W. KELIIKULI, SAMUEL F. KELIIKULI, JR., RAMONA K.K. THEODORE, ANNA K. KAIAPOEPOE, CAIRO KELIIKULI, MARY H. KELIIKULI, DAVID R. KELIIKULI, MARGARET KELIIKULI WONG, JACOB KELIIKULI, MILDRED KELIIKULI KAHOLO, MARY KELIIKULI GREEN, HANNAH KELIIKULI VIRTITUA, ELIZABETH KELIIKULI KALA, MACK KAHOOPII, ELIZABETH MAKUAKANE, BENJAMIN AKAHANE, JAIME HERRAS, MIGUEL TODOC, JR., EDWARD TODOC KAAHANA, MITCHELL KELIIKULI, MARGARET S.G. KELIIKULI, JOHN-NEE KELIIKULI, JOHN KELIIKULI, JR., ERNEST KELIIKULI, CLEMENT KELIIKULI, EDDIE KUAHIWINUI, MOSES KUAHIWINUI, EDWARD KUAHIWINUI, MARIA K. MAHI, MARY KEPANO,

MARY JANE FERREIERA, CECILIA HOOPAI, DAVID KUAHIWINUI, DOROTHY HAWK, DAFFODEL KUBO, PETER KUAHIWINUI, ELIZABETH BASIO RIN, MARYANN KAWELU, MARY KEALOHA KELIIKULI, MARGARET NAKAPAAHU, HATTIE BIRD, STEPHEN KAHOOPII, JUANITIA KAWENA KELIIKULI, ELIZABETH KAULUIA, KAUHI KELIIKULI, CATHERINE E. BOSTROM, BONNIE McELROY, BARBARA MAE DAVIS MINTON, ROBERT B. CORNELL, III, F. JAMES MARTINEZ, MICHAEL H. REILLY, KAREN E. REILLY, JOSEPH M. DUNOFFER, JOHN W. HOELSINGER, MARY L. PASSERO, and PETER F. BURWASH, JOHN DOES 1–100, JOHN DOE PARTNERSHIPS 1–10, JOHN DOE CORPORATIONS 1–10, JOHN DOE ESTATES 1–10, JOHN DOE TRUSTS 1–10, THE SPOUSE(S), ASSIGN(S), SUCCESSOR(S), PERSONAL REPRESEN-TATIVE(S), EXECUTOR(S), ADMINISTRATOR(S), GUARDIANS AND/OR TRUSTEES, OF THE ABOVE–NAMED DEFENDANTS, ALL OTHER PERSONS UN-KNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN, ENCUMBRANCE OR INTEREST, IN THE REAL PROPERTY DESCRIBED IN THE COMPLAINT, AND AS OWNERS OF LAND ADJOINING THE REAL PROP-ERTY DESCRIBED IN THE COMPLAINT, AND TO WHOM IT MAY CONCERN, Defendants–Appellees, and ROSELINE K. BORING, RACHEL RENTEGRADO, MARGARET DANCEL, and HARRY GRACE, Cross–Claimants, v. KUNIO YOKOYAMA TRUST, et al., Cross–Defendants

NO. 14243

**(CIV. NO. 10073 (KONA))**

SEPTEMBER 27, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY TANAKA, J.

In an action to quiet title, the circuit court entered a default against defendants Kunio Yokoyama Trust and Sumiye Kuramoto (collectively Appellants) and, subsequently, a judgment quieting title to a certain parcel of land in favor of Plaintiffs.[1]   Appellants contend that the court reversibly erred in denying their motion to set aside the judgment.  We affirm.

I.

In January 1953, Tamotsu Kuramoto (Kuramoto) and Kunio Yokoyama (Yokoyama), as joint tenants, acquired three parcels of land in Hoopuloa, South Kona, Hawaii, by deeds of the Tax Collector of the Third Taxation Division.  Kuramoto and Yokoyama were the highest bidders for those three parcels at a public auction for the foreclosure of liens thereon for unpaid real property taxes. The deeds described the three parcels as follows:

1.   Tax Map Key (TMK) 8–9–01–10, being Land Commission Award (L. C. Aw.) 10134, Apana 2 to Matia Mahi, area 3.84 acres;

2.  TMK 8–9–01–11, being L. C. Aw. 8045, Apana 2 to Anadarea, area 3.45 acres; and

3.  TMK 8–9–01–12, being L. C. Aw. 8540, Apana 2 to Kama, area 3.95 acres.

---

[1] *See infra* note 2.

At that time, the relevant tax map showed that L. C. Aws. 10134, 8045, and 8540 were located within Grant 3038.

Upon Kuramoto's death on February 3, 1965, Yokoyama, as the surviving joint tenant, became the sole owner of the three parcels of land. By quitclaim deed dated November 13, 1973, Yokoyama conveyed an undivided one–half interest in the parcels to Kuramoto's widow, Sumiye Kuramoto (Sumiye). On November 20, 1981, Yokoyama conveyed his one–half interest to the Kunio Yokoyama Trust.

On November 8, 1984, plaintiffs Dillingham Investment Corporation, Lowell S. Dillingham, Trustee, and Donn W. Carlsmith, Trustee [2] filed a complaint, seeking to quiet title to "all of that property, situate at Hoopuloa, South Kona, Hawaii, being a portion of Grant 3038, more particularly described in Exhibit A" attached to the complaint. Record, Vol. 1 at 6. Exhibit A is a metes and bounds description of a parcel of land containing an area of 74.061 acres, prepared by registered land surveyor Donald James Murray (Surveyor Murray). The complaint named Appellants and many others, including unknown persons and entities, as defendants.

---

[2] Dillingham Investment Corporation conveyed its interest in the land involved in the action to Dillingham Partners and then dissolved effective December 31, 1986. An order filed on September 30, 1987, substituted Dillingham Partners for plaintiff Dillingham Investment Corporation, but did not amend the title of the case.

The judgment filed on November 30, 1987, quieted title in favor of Dillingham Partners, Estate of Lowell S. Dillingham, Edith M. Carlsmith, and Benjamin F. Dillingham. The second amended judgment filed on October 17, 1989, substituted Donn W. Carlsmith, Charles R. Wichman, and Ivan Lui–Kwan, Trustees of the Edith M. Carlsmith Trust, for Edith M. Carlsmith in the original judgment. However, other than Dillingham Partners, the estate, persons, and trustees named in the judgment and second amended judgment were not formally substituted for original plaintiffs Lowell S. Dillingham, Trustee, and Donn W. Carlsmith, Trustee.

In this opinion, the foregoing named entities and persons are indiscriminately referred to collectively as "Plaintiffs."

Copies of the complaint and summons were personally served on Sumiye on January 20, 1985, and on Yokoyama on January 25, 1985. On April 9, 1985, at Plaintiffs' request, the circuit court entered a default against Appellants and certain other defendants.

On September 22, 1987, Plaintiffs filed a motion, seeking a summary judgment that they were the sole owners of land involved in the case. On November 30, 1987, the circuit court granted Plaintiffs' motion, entered its findings of fact and conclusions of law, and filed a judgment and decree (Judgment).[3] The Judgment provides in part as follows:

> The Plaintiffs are the owners of a portion of R. P. Grant 3038 to Keliikuli at Hoopuloa and Milolii, South Kona, Hawaii, being a portion of Tax Map Key 8–9–01–4, and all of Tax Map Keys 8–9–01–10, 8–9–01–11, 8–9–01–12 and 8–9–01–17, Third Taxation Division, containing a total area of 74.061 acres, and more particularly described in Exhibit "A", and shown on the Exhibit "B" map, both of which Exhibits are attached hereto and incorporated herein by reference[.]

Record, Vol. 3 at 967. Exhibit A is a metes and bounds description of a 74.061–acre parcel of land prepared by Surveyor Murray. Exhibit B, a map depicting the 74.061–acre parcel of land prepared by Surveyor Murray, includes the following note:

> 'Less one kuleana:[4] 2.15 Acres' (No record of L. C. Aw. with 2.15 Acres in Hoopuloa or Milolii).

*Id.* at 970 (footnote added).

---

[3] On March 21, 1988, the November 30, 1987 judgment and decree was amended to change the ownership interest of Benjamin F. Dillingham from 15% to 18%. On October 17, 1989, it was again amended to substitute the Trustees of the Edith M. Carlsmith Trust for Edith M. Carlsmith, as owners of a certain percentage interest. *See supra* note 2.

[4] A "kuleana" is a small area of land awarded in fee to Hawaiian applicants by the Hawaiian monarch in about 1850. *Palama v. Sheehan*, 50 Haw. 298, 299 n.1, 440 P.2d 95, 96 n.1 (1968).

On June 8, 1989, about eighteen months after the entry of the Judgment, Appellants filed a "Motion to Set Aside Judgment." In an affidavit attached to the motion, Yokoyama stated:

> 7.   That affiant received a copy of the Complaint in this case and, upon his best recollection, states that he did not respond to the Complaint since the Complaint "talked about" Grant 3038, which is not the three kuleana [L. C. Aws. 10134, 8045, and 8540] owned by affiant and Sumiye Kuramoto;
>
> * * *
>
> 10.   That in February of 1989, affiant received a notice from the County of Hawaii tax office stating that the owner of the three kuleana had been changed to Plaintiffs pursuant to a judgment of some kind[.]

Record, Vol. 4 at 1039. In her affidavit attached to the motion, Sumiye stated:

> 3.   That she received a copy of the Complaint in this action and, pursuant to her arrangements with Kunio Yokoyama, left the matter to Kunio Yokoyama for action;
>
> * * *
>
> 5.   That in her opinion, the Complaint was discussing ownership of Grant 3038 which is not the-same land as the three kuleana in question[.]

*Id.* at 1048–49.

On November 7, 1989, the circuit court denied Appellants' motion. Appellants timely appealed.

## II.

Hawaii Rules of Civil Procedure (HRCP) Rule 55(c) provides that a court may set aside an entry of default for good cause and "if a judgment by default has been entered, may likewise set it aside in

accordance with Rule 60(b)." Appellants claim that relief from the Judgment is available to them under HRCP Rule 60(b)(4) and 60(b)(6). [5]

## A.

Appellants contend that "a fair legal interpretation" of the complaint leads to a conclusion that the sole subject matter for adjudication by the circuit court was Grant 3038, not any Land Commission Awards lying within Grant 3038. They therefore argue that the court lacked subject matter jurisdiction to determine whether "Plaintiffs were the owners of the three Land Commission Awards which allegedly lay within Grant 3038." Appellants conclude that the Judgment is void in this respect. We disagree.

Determining whether a judgment is void is not a matter of discretion under HRCP Rule 60(b)(4). *In re Hana Ranch Co.*, 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982). "In the sound interest of finality, the concept of void judgment must be narrowly restricted." 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.25[2], at 60–225 (2d ed. 1990). Accordingly, "if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as

---

[5] Hawaii Rules of Civil Procedure (HRCP) Rule 60(b) provides in relevant part as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

jurisdiction over the subject matter is concerned." *Id.* at 60–229 to 60–230 (citations omitted).

Here, the circuit court had jurisdiction over the action to quiet title under Hawaii Revised Statutes, Chapter 669 (1985). The complaint alleged that Plaintiffs had record title to and were in possession of a portion of Grant 3038, described by metes and bounds and containing an area of 74.061 acres. Paragraph 3 of the complaint alleged that Appellants were "claimants" of the property Plaintiffs sought to quiet title to and specified the tax map keys "of each such parcel in which they are claiming an interest," to wit, TMK 8–9–01–10, TMK 8–9–01–11, and TMK 8–9–01–12. Record, Vol. 1 at 4. The complaint prayed that (1) all adverse claims of any person in the property be adjudicated and (2) the court determine that Plaintiffs have title to the property "free and clear of all claims, liens, encumbrances and clouds of any kind on said title[.]" *Id.* at 10.

The complaint clearly indicates that the subject matter of the quiet title action was a portion of Grant 3038 described therein and that Appellants are "claimants" to the property because they claim interest in the three specified TMK parcels which, in effect, were the three Land Commission Award parcels.

We hold that the circuit court had subject matter jurisdiction over the portion of Grant 3038 and the three Land Commission Award parcels, alleged to be within Grant 3038.[6] Accordingly, the judgment is not void.

---

[6] In an affidavit filed on August 21, 1989, surveyor Donald James Murray concluded that "the three kuleanas mentioned [L. C. Aw. 8045 to Anadarea, L. C. Aw. 8540 to Kama, and L. C. Aw. 10134 to Matia Mahi] are not contained within Grant 3038," which contains 74.061 acres and which he surveyed and described by metes and bounds. Record, Vol. 4 at 1100.

Appellants' counsel stated to the circuit court that "[n]obody has been able to locate [the Land Commission Award parcels] on the ground, surveyors as well as non–surveyors." October 31, 1989 Transcript at 11.

## B.

When Appellants moved to set aside the Judgment, they explained that their failure to respond to the complaint served on them was because the complaint "talked about" Grant 3038, not the "three kuleana," the three Land Commission Award parcels purchased at the tax sale. Appellants sought relief under HRCP Rule 60(b)(6).

To qualify for relief under HRCP Rule 60(b)(6), "the motion must be based upon some reason other than those stated in clauses (1)–(5)[.]" 7 J. *Moore, supra*, ¶ 60.27[1], at 60–266. In other words, "Rule 60(b)(6) is unavailable when the relief sought is within the coverage of some other provision of Rule 60(b)." *William Skillings & Assocs. v. Cunard Transp., Ltd.*, 594 F.2d 1078, 1081 (5th Cir. 1979).

Appellants' alleged reason for relief from the Judgment was either "mistake" or "excusable neglect" which is covered in HRCP Rule 60(b)(1).[7] Relief under Rule 60(b)(1) is unavailable to Appellants because they failed to file their motion within one year of the entry of the Judgment. *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 645 (9th Cir. 1984). "[A] case cannot fall within both Rule 60(b)(1) and Rule 60(b)(6)." *Brown v. Burnside*, 109 F.R.D. 412, 413 (E.D.N.Y. 1986).

Appellants contend that their case falls under HRCP Rule 60(b)(6) and not under HRCP Rule 60(b)(1) because the facts reveal that "extraordinary circumstances are present and justify relief." A Rule 60(b)(6) motion is addressed to the discretion of the court. 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2864 (1973). Assuming that HRCP Rule 60(b)(6) is applicable in this case, we hold that the circuit court did not abuse its discretion in denying Appellants' motion for relief.

---

[7] *See supra* note 5.

In exercising its discretion in determining a motion to set aside a default judgment under HRCP Rule 60(b)(6), the circuit court may and should grant the motion if it "finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act." ***BDM, Inc. v. Sageco, Inc.***, 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976) (citations omitted). In our view, Appellants' failure to respond to the complaint was both "inexcusable neglect" and a "wilful act."

As set forth in Part II.A., *supra*, the complaint (1) described the 74.061–acre property in which Plaintiffs alleged ownership and possession; (2) alleged that Appellants were claimants of the property because of their claimed interest in the three TMK parcels; and (3) prayed for a determination that Plaintiffs had title to the property, free and clear of all claims, liens, and encumbrances. Copies of the complaint were personally served on Appellants. Appellants determined, however, without professional assistance, that the lawsuit dealt with Grant 3038 only and that their "three kuleana" were not involved. Consequently, they "wilfully" failed to answer the complaint and were defaulted. Appellants admit in their brief that they "should have, out of caution, investigated the matter further." We conclude that Appellants failed to satisfy the third prong of the ***BDM, Inc.*** test.

Appellants argue that their default was excusable because the published and posted summons stated that the land involved in the case bore Tax Map designations 8–9–01–04 and 8–9–01–17, but did not refer to the three Land Commission Award parcels designated as TMK 8–9–01–10, 8–9–01–11, and 8–9–01–12. The published and posted summons, however, have no relevance to Appellants. Appellants were served personally, not by substituted service through publication and posting on the property. Moreover, the record is devoid of any evidence that Appellants relied upon, or even read, the published and posted summons.

Accordingly, Appellants' contentions regarding relief under HRCP Rule 60(b)(6) are without merit.

## III.

We hold that the circuit court's denial of Appellants' motion to set aside the Judgment was (1) proper under HRCP Rule 60(b)(4) because the Judgment was not void and (2) not an abuse of discretion under Rule 60(b)(6).

Affirmed.

*Michael J. Matsukawa* on the briefs for defendants–appellants.

*Tom C. Leuteneker* (Carlsmith, Wichman, Case, Mukai and Ichiki, of counsel) on the brief for plaintiffs–appellees.