**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000320
01-SEP-2022
11:50 AM
Dkt. 96 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

ARYN NAKAOKA and DARCIE NAKAOKA,
Plaintiffs-Appellants,
v.
EUGENE SHIZURU and CAROLE SHIZURU; DANIEL T.M.
CHOY; individually and dba CORINTHIANS REALTY;
LYNIEL CHOY, individually and dba RAINBOW REALTY
INTERNATIONAL, Defendants-Appellees
and
JOHN DOES 1-10, JANE DOES 1-10, DOE LIMITED
LIABILITY COMPANIES 1-10; DOES LIMITED LIABILITY
CORPORATIONS 1-10; DOE GOVERNMENTAL ENTITIES 1-10;
AND DOE OTHER ENTITIES 1-10, Defendants

NO. CAAP-20-0000320

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-0160-01)

SEPTEMBER 1, 2022

GINOZA, C.J., AND LEONARD AND WADSWORTH, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

This appeal stems from a dispute involving the sale of residential real property, in which Plaintiffs-Appellants Aryn Nakaoka and Darcie Nakaoka (**the Nakaokas**), as buyers, alleged that Defendants-Appellees Eugene Shizuru and Carole Shizuru **(the Shizurus**), as sellers, failed to disclose the presence of

asbestos on the property.  Defendant-Appellee Daniel T.M. Choy, individually and dba Corinthians Realty (**Daniel**), was the Shizurus' real estate agent, and Defendant-Appellee Lyniel Choy, individually and dba Rainbow Realty International (**Lyniel**), assisted Daniel with the transaction.  The Nakaokas alleged that Daniel and Lyniel breached legal duties owed to the Nakaokas related to the non-disclosure of asbestos.

The Nakaokas appeal from the April 8, 2020 Final Judgment (**Judgment**), entered in favor of the Shizurus, Daniel, and Lyniel (collectively, **Appellees**) by the Circuit Court of the First Circuit (**Circuit Court**).  The Nakaokas also challenge the following post-judgment orders (collectively, the **Orders Awarding Fees and Costs**), entered on July 17, 2020, by the Circuit Court: (1) "Order Granting [the Shizurus'] Motion for an Award of Attorneys' Fees, Filed April 22, 2020"; (2) "Order Granting [the Shizurus'] Motion for Costs, Filed May 1, 2020"; (3) "Order Granting [Lyniel's] Motion for an Award of Attorneys' Fees and Costs, Filed April 22, 2020"; and (4) "Amended Order Granting [Daniel's] Motion for an Award of Attorney's Fees and Costs, Filed April 22, 2020."[1]

The Judgment and the Orders Awarding Fees and Costs followed a series of orders granting Appellees' various motions for summary judgment and partial summary judgment, including the Circuit Court's December 13, 2019 "Order Granting [the Shizurus'] Motion for Partial Summary Judgment Respecting [the Nakaokas' Hawaii Revised Statutes (**HRS**)] Chapter 508D Claims" (**Order Re 508D Claims**).[2]  In the Order Re 508D Claims, the Circuit Court ruled that the Nakaokas' failure to comply with the mediation provision in the parties' purchase contract deprived the court of "jurisdiction" over the Nakaokas' lawsuit.

---

[1]     The Honorable John M. Tonaki entered the Judgment and the Orders Awarding Fees and Costs.

[2]     The Honorable James S. Kawashima presided over the October 2, 2019 hearing on "[the Shizurus'] Motion for Partial Summary Judgment Respecting [the Nakaokas' HRS] Chapter 508D Claims" (**508D Motion**), filed on July 8, 2019. Judge Tonaki entered the Order Re 508D Claims.

The Nakaokas raise a single point of error on appeal:

> Having concluded that it lacked subject matter jurisdiction via its December 13, 2019 Order [Re 508D Claims], [the Circuit C]ourt committed reversible error when it thereafter entered Judgment in favor of Appellees, entertained Appellees' motions for awards of attorneys' fees and costs, and then ultimately awarded all Appellees their full fee and cost requests.

(Record citations omitted.)

As a threshold matter, we hold that the Circuit Court lacked jurisdiction to enter the July 17, 2020 order granting the Shizurus' motion for costs. The motion for costs was filed after the notice of appeal was filed, and did not qualify as a motion extending the time for appeal ("tolling motion") under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3), as further explained below. The filing of the notice of appeal thus divested the Circuit Court of jurisdiction to decide the Shizurus' motion for costs.

With respect to the Nakaoka's point of error, we hold that the mediation provision in the purchase contract, read in conjunction with HRS 508D-18, functioned as a condition precedent to filing suit, but the failure to mediate in these circumstances did not divest the Circuit Court of subject matter jurisdiction. Accordingly, we affirm the Judgment, as well as the subsequent orders awarding attorneys' fees and costs to Daniel and Lyniel, and attorneys' fees to the Shizurus.

## I. Background

On April 21, 2016, the Nakaokas, as buyers, and the Shizurus, as sellers, entered into a purchase contract. The purchase contract stated in part:

> O-4 **Mediation.** If any dispute or claim arises out of this Purchase Contract prior to or after closing between Buyer and Seller, or between Buyer and/or Seller and a Brokerage Firm and all its licensees assisting in this transaction, and the parties to such dispute or claim are unable to resolve the dispute, Buyer and Seller agree in good faith to attempt to settle such dispute or claim by non-binding mediation. . . .

It is undisputed that the parties did not attempt to settle their dispute by non-binding mediation prior to the filing of the

3

underlying complaint on November 9, 2016.

The Nakaokas' Second Amended Complaint (**SAC**), filed on February 21, 2018, asserted eight claims for relief:

- Count I - Breach of Written Contract for Sale of Real Property, alleged against the Shizurus.

- Count II - Statutory Violations, alleged against Daniel and Lyniel.

- Count III - Breach of Duties as Relator, alleged against Daniel and Lyniel.

- Count IV - Fraudulent Concealment, alleged against the Shizurus, Daniel, and Lyniel.

- Count V - Intentional Infliction of Emotional Distress, alleged against the Shizurus, Daniel, and Lyniel.

- Count VI - Punitive Damages, alleged against the Shizurus, Daniel, and Lyniel.

- Count VII - Unfair or Deceptive Acts or Practices, alleged against Daniel and Lyniel.

- Count VIII - Negligent Misrepresentation, alleged against the Shizurus, Daniel, and Lyniel.

In July 2019, the Shizurus, Daniel and Lyniel each filed motions for summary judgment or partial summary judgment.

On August 28, 2019, the Circuit Court entered an order granting summary judgment in favor of Lyniel on SAC Counts II, III, IV, V, and VIII, and denying summary judgment on SAC Count VII without prejudice.

On September 4, 2019, the Circuit Court orally granted Daniel's motion for summary judgment on SAC Counts II, III, and IV, and denied the motion on SAC Counts V, VII, and VIII. These rulings were eventually formalized in the Circuit Court's March 18, 2020 "Order Granting in Part and Denying in Part [Daniel's] Motion for Summary Judgment."

On December 13, 2019, the Circuit Court entered four orders granting the Shizurus' respective motions for partial

summary judgment on SAC Counts I, IV, V, VI, and VIII.[3/]  On the same day, the Circuit Court entered the Order Re 508D Claims, which granted the Shizurus' 508D Motion.[4/]

The Order Re 508D Claims included the following relevant finding of fact, which is unchallenged on appeal and thus binding on the parties and this court, see State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019):

> 3. Section 0, Paragraph 4 of the purchase contract specifically states that if a disputed claim arises out of the purchase contract and the parties are unable to resolve the dispute, then the parties agree in good faith to attempt to settle such dispute by non-binding mediation.

The Order Re 508D Claims also includes the following relevant conclusions of law:

> 2. . . . Section 0, Paragraph 4 of the purchase contract does require mediation since the buyer and seller agree to attempt to do so, and the term is a binding contractual term.
>
> 3. Absent evidence that actual mediation has been attempted, then the buyer is in breach by filing suit herein and, by breaching the contract giving rise to this suit, thereby deprives this Court of jurisdiction.  Within the four corners of the purchase contract, an attempt at mediation is a requirement to which both sides agreed.  Absent that mediation, the terms of the contract itself prevent the buyer from filing suit herein.
>
> 4. As this motion relates to jurisdiction, it applies to all parties.

(Emphases added.)

On April 8, 2020, the Circuit Court entered the Judgment, which stated in part that "[t]he [Order Re 508D Claims] disposes of all claims against all [Appellees]."  Judgment was entered in favor of all Appellees and against the Nakaokas "on all claims . . . asserted in this action."

---

[3/]  Although these four orders granted the Shizurus' respective motions for "partial summary judgment," the orders resolved all claims against the Shizurus in their favor.

[4/]  We note that the Nakaokas did not assert a separate claim under HRS Chapter 580D in the SAC.  Nevertheless, the Nakaokas conceded below that "it is a fair reading of the [SAC] to conclude that its key allegation is that the Shizuru Defendants breached the written property sales contract governed by [HRS] Chapter 508D."

On April 21, 2020, the Shizurus filed a bill of costs, seeking taxation by the Clerk of the Court of costs incurred in the case. On April 22, 2020, Daniel and Lyniel each filed a motion for an award of attorneys' fees and costs, and the Shizurus filed a motion for an award of attorneys' fees. On April 27, 2020, the Clerk of the Court denied the Shizurus' proposed taxation of costs, apparently because their bill of costs did not state that 48 hours notice had been given to all parties. On May 1, 2020, the Shizurus filed a motion for costs as set out in their original bill of costs, pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(d)(1).

Meanwhile, on April 28, 2020, the Nakaokas timely filed a notice of appeal from the Judgment.

The Nakaokas also opposed Appellees' motions for fees and costs, arguing that the Circuit Court had concluded that it lacked subject matter jurisdiction over the entire case, and that all prior orders were therefore void, leaving no prevailing parties for the purpose of awarding fees and costs. The Nakaokas made the same argument during the July 15, 2020 hearing on the motions. At that time, the Circuit Court granted all Appellees' motions for fees and costs, stating in part:

> The court ruled that it lacked jurisdiction over Chapter 508D claims pursuant to the requirement in HRS Section 508D-18 which required the parties to submit to mediation prior to filing of a suit when the purchase contract provided for alternative dispute resolution.
>
> The court did not rule in its order that it lacked subject matter jurisdiction over this matter as argued by the [Nakaokas]. The [Nakaokas] raise[] the argument that because the court held pursuant to the statute that it lacked jurisdiction to adjudicate 508D claims that this court does not have the power to award attorneys' fees and costs.
>
> However, the court believes that it does retain subject matter jurisdiction and the jurisdiction to award fees and costs if allowed by the agreement and by statute.

On July 17, 2020, the Circuit Court entered the Orders Awarding Fees and Costs.

6

## II. Discussion

**A.  The Order Granting the Shizurus' Motion for Costs**

In their opening brief, the Nakaokas challenge the Orders Awarding Fees and Costs, including the July 17, 2020 order granting the Shizurus' motion for costs.

We conclude that the Circuit Court lacked jurisdiction to enter the order granting the Shizurus' motion for costs.  The May 1, 2020 motion for costs was filed after the April 28, 2020 notice of appeal was filed.  Under HRAP Rule 4(a)(3),[5] only the filing of a timely motion for costs, where court rules specify the time by which the motion must be filed:  (1) tolls the time for filing a notice of appeal, and (2) extends the time the trial court retains jurisdiction to resolve the motion.  See Woodruff v. Hawaiʻi Pacific Health, No. 29447, 2014 WL 128607, at *18 (Haw. App. Jan. 14, 2014) (construing predecessor version of HRAP Rule 4(a)(3)).  Here, the Shizurus' motion for costs was filed under HRCP Rule 54(d)(1), which imposes a five-day time limit on seeking review of the clerk's action on a request for taxation of costs, but does not impose any time limit for the initial request for taxation of costs by the clerk.  Id.  Because HRCP Rule 54(d)(1) does not specify the time by which a motion for costs must be filed as measured from the entry of judgment, a post-judgment motion for costs under HRCP Rule 54(d)(1) does not qualify as a tolling motion under HRAP Rule 4(a)(3).  Id.  Thus, the Circuit Court was divested of jurisdiction to decide the Shizurus' motion for costs upon filing of the Nakaokas' notice of appeal.  See id. (citing Cox v. Cox, 125 Hawaiʻi 19, 28-29 & n.14, 250 P.3d 775, 784-85 & n.14 (2011), and Hoddick, Reinwald, O'Connor & Marrack v. Lotsof, 6 Haw. App. 296, 300, 719 P.2d

---

[5]    HRAP Rule 4(a)(3) provides in relevant part:

> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion. . . .

1107, 1111 (1986)).

In light of our conclusion, the Nakaokas' purported appeal from the order granting the Shizurus' motion for costs is dismissed. The Shizurus' motion for costs remains pending before the Circuit Court and may be resolved after this appeal is concluded and jurisdiction is returned to the Circuit Court.

## B. The Circuit Court's Subject Matter Jurisdiction

The Nakaokas assert that they "are not challenging the December 13, 2019 [Order Re 508D Claims]," and they "accept that the trial court concluded that it lacked subject matter jurisdiction." Based on the premise that the Circuit Court lacked subject matter jurisdiction, the Nakaokas argue that "all prior orders of any form were void *ab initio*." They further argue: "Since the trial court held it lacked jurisdiction, a point neither contested by [the Nakaokas] or Appellees, and thus not subject to review, there are no prevailing parties, and no one is entitled to fees and costs."

In response, Appellees point out that the Circuit Court found it lacked "jurisdiction," not "subject matter jurisdiction," based on the Nakaokas' failure to comply with the mediation provision of the purchase contract. Appellees contend that the Order Re 508D claims was premised on the failure to satisfy a condition precedent to litigation, rather than a lack of subject matter jurisdiction.

HRS § 508D-18 (2018) provides:

> If the real estate purchase contract provides for alternative dispute resolution, then prior to filing an action in any court to enforce this chapter, a seller or buyer shall first submit the claim to alternative dispute resolution as required in the real estate purchase contract.

Here, the parties do not dispute that the purchase contract required non-binding mediation prior to filing suit and that such mediation did not occur. We must therefore decide whether the failure to engage in mediation prior to filing suit deprived the Circuit Court of subject matter jurisdiction, as the Nakaokas contend.

8

Addressing the subject matter jurisdiction of the circuit courts, the Hawai'i Supreme Court has stated:

> The circuit courts are courts of general jurisdiction. State v. Villados, 55 Haw. 394, 397, 520 P.2d 427, 430 (1974). We defined jurisdiction as "the power and authority on the part of the court to hear and judicially determine and dispose of the cause pending before it." Id. at 396, 520 P.2d at 430. HRS § 603-21.5 gives the circuit court subject matter jurisdiction over civil actions and proceedings. Thus, the circuit court has jurisdiction over all civil causes of action unless precluded by the State Constitution or by statute.

Sherman v. Sawyer, 63 Haw. 55, 57–58, 621 P.2d 346, 348–49 (1980) (footnote omitted).

The supreme court has also observed that "[i]n the sound interest of finality, the concept of void judgment must be narrowly restricted." In re Genesys Data Techs., Inc., 95 Hawai'i 33, 38, 18 P.3d 895, 900 (2001) (quoting Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233, 797 P.2d 1316, 1320 (1990), abrogated on other grounds by Chen v. Mah, 146 Hawai'i 157, 457 P.3d 796 (2020)); see also Bank of Hawaii v. Shinn, 120 Hawai'i 1, 14, 200 P.3d 370, 383 (2008) ("[I]n the sound interest of finality, the concept of void judgment must be narrowly restricted . . . if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned[.]" (quoting Dillingham Inv. Corp., 8 Haw. App. at 233-34, 797 P.2d at 1320)).

The Nakaokas do not cite any Hawai'i authority supporting their argument that the parties' failure to engage in prelitigation mediation deprived the Circuit Court of subject matter jurisdiction, and we have found none. We note, however, that other jurisdictions have addressed whether a failure to mediate as required by contract or statute strips a court of subject matter jurisdiction. Absent clear statutory language that mediation is a jurisdictional prerequisite, a number of these courts have viewed mediation requirements merely as conditions precedent to filing suit. See, e.g., MB Am., Inc. v. Alaska Pac. Leasing Co., 367 P.3d 1286, 1288 (Nev. 2016) (holding

"that the mediation provision in the parties' contract is an enforceable condition precedent to litigation" and concluding that a grant of summary judgment was proper where the plaintiff initiated litigation "without complying with the prelitigation mediation provision in the Agreement[.]"); Windham Land Tr. v. Jeffords, 967 A.2d 690, 697 (Me. 2009) (concluding that "the parties' failure to engage in prelitigation mediation did not strip the Superior Court of subject matter jurisdiction," and explaining that "[t]he court's jurisdiction over the subject matter of the dispute in this case [was] not contingent on whether the parties engaged in pre-litigation mediation, which is merely a condition precedent to filing suit"); Stone & Webster, Inc. v. Georgia Power Co., 968 F. Supp. 2d 1, 6 (D.D.C. 2013) ("Given that other courts in this district have implicitly concluded that failure to abide by a mediation clause that functions as a condition precedent does not deprive a court of subject matter jurisdiction, this Court is reluctant to interpret this privately agreed-upon condition as a jurisdictional bar." (citation omitted)); cf. Klinge v. Bentien, 725 N.W.2d 13, 18 (Iowa 2006) (concluding that the small claims court lacked subject matter jurisdiction over a farm dispute where a state statute explicitly stated "that filing a mediation request and obtaining a mediation release 'are jurisdictional prerequisites to a person filing a civil action . . . to resolve a dispute subject to this chapter[.]'" (quoting Iowa Code § 654B.3(1)(b))).

Here, given that HRS § 603-21.5 grants the circuit courts subject matter jurisdiction over civil actions and proceedings, and HRS § 508D-18 does not state that mediation is a jurisdictional prerequisite to filing suit, we conclude that the failure to mediate in these circumstances did not divest the Circuit Court of subject matter jurisdiction. Instead, the mediation provision in the purchase contract, read in conjunction with HRS § 508D-18, functioned as a condition precedent to filing suit. See, e.g., MB Am., Inc., 367 P.3d at 1288; Windham Land Tr., 967 A.2d at 697; Stone & Webster, Inc., 968 F. Supp. 2d at 6. Because the Circuit Court had subject matter jurisdiction over the Nakaokas' claims, the Judgment and subsequent orders

awarding attorneys' fees and costs to Daniel and Lyniel, and attorneys' fees to the Shizurus, are not void for lack of such jurisdiction.

The Nakaokas assert no other argument as a basis for vacating the Judgment and subsequent orders awarding attorneys' fees and costs.

### III. Conclusion

For the reasons discussed above, we affirm the following judgment and orders, entered by the Circuit Court of the First Circuit:

(1)   the April 8, 2020 Final Judgment;

(2)   the July 17, 2020 "Order Granting [the Shizurus'] Motion for an Award of Attorneys' Fees, Filed April 22, 2020";

(3)   the July 17, 2020 "Order Granting [Lyniel's] Motion for an Award of Attorneys' Fees and Costs, Filed April 22, 2020"; and

(4)   the July 17, 2020 "Amended Order Granting [Daniel's] Motion for an Award of Attorney's Fees and Costs, Filed April 22, 2020."

The purported appeal from the July 17, 2020 "Order Granting [the Shizurus'] Motion for Costs, Filed May 1, 2020" is dismissed.

On the briefs:

Richard E. Wilson,                    /s/ Lisa M. Ginoza
for Plaintiffs-Appellants             Chief Judge

Robert J. Crudele and                 /s/ Katherine G. Leonard
Henry F. Beerman                      Associate Judge
(Crudele & Beerman, LLLC)
for Defendants-Appellees              /s/ Clyde J. Wadsworth
Eugene and Carole Shizuru             Associate Judge

Enver W. Painter, Jr.
for Defendant-Appellee
Daniel T.M. Choy, individually
and dba Corinthians Realty

Philip W. Miyoshi
(Miyoshi & Hironaka LLC)
for Defendant-Appellee
Lyniel Choy, individually and
dba Rainbow Realty International