PEOPLES BANK *v.* JOHNSON *et al.*

No. 7377.   OCTOBER 3, 1930.

*Clement E. Sutton,* for plaintiff in error.   *W. A. Slaton,* contra.
BECK, P. J.   (After stating the foregoing facts.)

1.   In a decision previously rendered in this case by this court it was held that the court below properly directed the verdict in favor of the petitioner, enjoining the enforcement of the judgment. A motion for a rehearing was filed by the defendants to the equitable suit, and briefs and argument were filed both by the applicant for a rehearing and the respondents, the latter being the plaintiff in the equitable petition for injunction.   Upon a further consideration of the questions involved and the arguments of counsel for both parties, we are of the opinion that the judgment of the superior court of Oglethorpe County, adjudicating the amounts due by the garnishees to the defendant in the main suit pending in the superior court of Wilkes County, was not affected by the judgment of the Court of Appeals setting aside the first verdict and judgment in favor of the Peoples Bank, the plaintiff in the main suit.   The judgment rendered in Oglethorpe superior court was rendered after the first judgment against the defendant R. H. Johnson, and it was an existing judgment at the time of the judgment in Oglethorpe superior court fixing the amount which would have been due by the garnishees to R. H. Johnson but for the fact that they had already paid the amounts to him in view of the dissolution of the garnishment.   That judgment fixing the amount due by the garnishees was a judicial ascertainment of these amounts. They ascertained the true state of facts, and that state of facts

alone is necessary for the superior court of the county of the residence of the garnishees to ascertain, declare, and adjudicate. No new facts arose after the date of that judgment to affect its verity; and that being true, it did not become invalid, or functus officio, when the verdict in favor of the plaintiff against the defendant in the main suit was set aside that another hearing might be had in the case. The second hearing was had, and the result was the same as in the former trial; and thereupon the judgment in Oglethorpe superior court, which was a mere ascertaining and fixing of amounts, became applicable, and the plaintiff in the main suit was authorized to take judgment against the defendant, based upon the verdict of the jury at the second trial, and also to enter a judgment against the sureties on the dissolution bond.

2. The garnishment proceedings were regular and authorized under the provisions of §§ 5277-5278 of the Civil Code, and were not void on the ground that the summons of garnishment, which was directed to a person residing in Oglethorpe County, was issued by a justice of the peace in Wilkes County, the proper affidavit having been made before such officer and the proper bond having been duly made and filed.

In view of what we have ruled, the court erred in directing a verdict for the plaintiff in the equitable petition.

*Judgment reversed. All the Justices concur.*

ATKINSON, J. I concur in the result. Civil Code §§ 5280 and 5281 are applicable to the case. The defendant could dissolve the garnishment under § 5280 at any time after service of the summons of garnishment. The garnishee should nevertheless make answer as provided in § 5281. After filing of the answer of the garnishee, the court should render a judgment "fixing the amount that would have been due to the defendant by the garnishee if the garnishment had not been dissolved, and adjudicating that the fund or property in the hands of the garnishee was subject to the process of garnishment." *Garden* v. *Crutchfield,* 112 *Ga.* 274 (37 S. E. 368). It is not required that such a judgment should await a judgment against the defendant in the principal case, nor is its efficacy in any manner dependent upon a judgment in the principal case. The only requirement is that there should be such a judgment before the plaintiff in the principal case could, in virtue of a judgment recovered by him against the defendant in the principal

case, enter up judgment against the defendant, and the surety on the dissolution bond, for the amount which had been adjudged to be subject to garnishment by such judgment on the answer of the garnishee. In the circumstances of the instant case the setting aside of the first judgment in the principal case did not affect the judgment on the answer of the garnishee, and did not render the second judgment in the principal case (which became final) insufficient as a basis for entering judgment for the plaintiff as in cases of appeal against the sureties on the bond dissolving the garnishment.