JOHNSON *et al. v.* PEOPLES BANK.

No. 8177.   July 15, 1931.   Rehearing denied September 17, 1931.

W. A. *Slaton,* for plaintiffs.   C. E. *Sutton,* for defendant.

RUSSELL, C. J.   The facts in this case down to the last trial in Wilkes superior court are set out in the report of this case when it was previously before this court. *Peoples Bank* v. *Johnson,* 171 *Ga.* 274 (155 S. E. 204).   At this subsequent trial the plaintiffs offered an amendment, the substance of which was that no answer was ever actually filed in Oglethorpe superior court by the Buffalo Lumber Company to the summons of garnishment served on them; that the attorney for the lumber company prepared an answer, but did not have it sworn to or filed, but instead mailed it to the clerk of the superior court of Wilkes county; that the judgment rendered in Oglethorpe county, finding the amounts in the hands of the garnishee due defendant, was rendered without evidence of a judgment against the defendant in Wilkes superior court; that the said judgment of Oglethorpe superior court does not speak the truth, in that the lumber company was never at any time indebted to the defendant; that said judgment was allowed through fraud, accident, or mistake of the lumber company.   This amendment was allowed subject to demurrer; and the court sustained a demurrer thereto, except as to the allegation of the amendment that no answer was ever actually filed in Oglethorpe superior court, though the attorneys for the garnishee mailed a copy of an answer to the counsel for the Peoples Bank.

On the trial the plaintiffs introduced certified copies of the dissolution bond, and of the judgment of Oglethorpe superior court against the principal and sureties in the dissolution bond. Also, interrogatories of R. D. Patton, clerk of Oglethorpe superior court, as follows:   "Upon examination of the records and files in my office I have not been able to find any answer of the Buffalo Lumber Company or of the Bank of Lexington in the garnishment case of Peoples Bank v. R. H. Johnson, Buffalo Lumber Company and Bank of Lexington, garnishees, which resulted in the judgment finding the sum of $1625.49 subject to garnishment, which was rendered March 15, 1926."   Also testimony of Clement E. Sutton, counsel for plaintiff in the case of Peoples Bank v. R. H. Johnson, as to the rendition of the judgment in Oglethorpe superior court, finding the amounts in the hands of the garnishees belonging to the

defendant, to the effect that Mr. Hamilton McWhorter Jr. was present and represented both garnishees; that he and McWhorter presented to Judge Hodges the judgments against the garnishees; that Judge Hodges called for the issue docket and asked what answers had been filed; that entry was either already on the issue docket in Judge Hodges' handwriting showing answers had been filed, or he made an entry at the time; that Judge Hodges called for the papers and made an entry on his docket showing judgment had issued against the garnishees, and all the papers were handed to the clerk; deponent did not go to the trouble of reading the answers, as the attorney for garnishees had mailed him copies; that he presented evidence to the judge in Wilkes superior court before taking judgment on the bond, showing that judgment had been rendered against the garnishees in Oglethorpe superior court. W. A. Slaton, counsel for plaintiffs, stated in his place that he made a careful search of the files and records of Oglethorpe superior court for the answers of Buffalo Lumber Company and Bank of Lexington to the garnishments, and there were no such papers to be found either in the files or on the records; that he did find the judgment of record, copy of which is set out in exhibit attached to the petition in this case, the judgment reciting that answers had been filed, and was regularly signed by Judge Hodges and appeared on the minutes of the court; also found an entry on the issue docket showing these answers were filed. Plaintiff offered in evidence interrogatories of J. C. Williams Jr., to the effect that he was manager of Buffalo Lumber Company in 1924, and that, from the time of the service of the summons of garnishment in this case until the garnishee, Buffalo Lumber Company, was required to answer, R. H. Johnson was at all times indebted to the lumber company, and the lumber company was at no time indebted to Johnson. Plaintiff offered in evidence testimony of R. H. Johnson, to the same effect. Also, contract between R. H. Johnson and Buffalo Lumber Company. This evidence offered by plaintiff was excluded by the court upon objection by the defendant, on the grounds that R. H. Johnson was principal in a dissolution bond in a garnishment case, and that neither he nor his sureties could now come into court and collaterally attack the proceedings in Oglethorpe superior court and attempt to show the falsity or truthfulness of the garnishee's answer, and that the particular issue involved in this

case to which this testimony would apply had been stricken from the amendment on demurrer. Plaintiffs also tendered in evidence copies of the answers of the garnishees, found in the clerk's office of Wilkes superior court, which were excluded by the court on objection of the defendant that the Code requires a garnishee to answer in the county of his residence, and the fact that some unsigned papers may have been found in the office of the clerk of Wilkes superior court, with no explanation of what they mean or how they got there, attached to the bonds in this case, is not material to the case on trial. Plaintiffs assign such ruling excluding said evidence as erroneous, because it was a circumstance to show that Buffalo Lumber Company did not in fact file answers in Oglethorpe superior court.

On motion a nonsuit was granted, and the restraining order theretofore granted dissolved. In the bill of exceptions the plaintiff assigns error on the sustaining of defendant's demurrer to the amendment to plaintiff's petition, on the exclusion of the evidence as set out, and on the grant of a nonsuit, contending that the evidence offered by the plaintiff was sufficient to raise the question of fact, to be determined by a jury, whether or not the judgments sought to be set aside were fraudulent, void, and did not speak the truth.

■ To a petition filed in the superior court of Wilkes county to set aside certain judgments of the superior court of Oglethorpe county by two sureties on a bond to dissolve certain garnishments, as appears from the former report of this case (*Peoples Bank* v. *Johnson,* supra), the plaintiffs filed the amendment set forth in the statement of facts. The defendant demurred to the amendment as seeking to set aside a proceeding within the jurisdiction of Oglethorpe superior court, thus seeking to go behind that judgment and inquire whether or not Buffalo Lumber Co. was indebted to R. H. Johnson, the principal in the garnishment bond upon which plaintiffs were securities. The court sustained this demurrer except in so far as the amendment alleged that no answer was ever actually filed in Oglethorpe superior court, though the attorneys for the garnishee mailed a copy of an answer to the counsel for the Peoples Bank. Plaintiff introduced certain copies of the dissolution bond, the judgment of Oglethorpe superior court fixing the amount in the hands of the garnishee belonging to the defendant,

and the judgment of Wilkes superior court against the principal and sureties, as well as the interrogatories of the clerk of the superior court of Oglethorpe county that he was unable to find any answer, and also the testimony of Clement E. Sutton, counsel for Peoples Bank, which appears in the statement of facts. The court also heard testimony of W. A. Slaton, counsel for plaintiffs, that after careful search he found no answers filed in the records of Oglethorpe superior court, though he did find the judgments against the garnishees, which recited that answers had been filed, signed by the judge, as well as an entry on the issue docket to the same effect. The plaintiff was also permitted to introduce testimony that instead of the Buffalo Lumber Co. being indebted to R. H. Johnson, the latter was at all times indebted to the lumber company. Upon objection the evidence in behalf of the plaintiff was excluded and a motion for nonsuit was sustained and the petition dismissed.

We find no error in any of the several rulings of the court. Aside from the general rule that a court of general jurisdiction must be presumed to have had sufficient evidence before it to authorize a judgment rendered by it, and that this presumption can not be questioned except upon grounds of actual fraud, we know of no rule which would authorize a proceeding to set aside a judgment of the superior court in one county in any other county. The superior court of Wilkes county has no extraterritorial jurisdiction which will enable it to consider the validity of a judgment rendered in any other county in this State, unless it appears from the face of the judgment itself that it is not merely voidable but absolutely void, so that it may be attacked anywhere by any one whose interest may be affected thereby. In the present case it was sought to devolve upon the superior court of Wilkes county the duty of determining the propriety and legality of proceedings leading up to a judgment of the superior court of Oglethorpe county; a proceeding which is wholly incompatible with our system of jurisprudence. As a general rule the several superior courts of this State have no extraterritorial jurisdiction which will enable the superior court of one county to set aside a judgment rendered by the superior court of a different county. *Dixon* v. *Baxter,* 106 *Ga.* 180 (32 S. E. 24). However, an exception to this rule is provided whereby a court having jurisdiction of the person of one

who had obtained a judgment by fraud may invalidate and set aside a judgment obtained by fraud and thus deprive the fraudulent beneficiary of the fruits of his fraud. *Jordan* v. *Harber,* 172 *Ga.* 139 (157 S. E. 652).

■ The court did not err in awarding a nonsuit. He could·well have shortened the procedure by sustaining the general demurrer in toto and dismissing the petition without the hearing of any evidence. · *Judgment affirmed. All the Justices concur.*