## 18785. BOROUGHS *v.* BELCHER.

DUCKWORTH, Chief Justice. 1. A fraudulent or reckless representation of facts as true, even if the party may not know them to be false, if intended to deceive, is equivalent to knowledge of the falsehood. Code § 105-302. Whether or not a party who misrepresents a fact knows it to be false is immaterial, for the affirmation of what is not known to be true, or believed to be true, is equally, in morals or law, as unjustifiable as the affirmation of what is positively known to be false. *Smith* v. *Mitchell,* 6 *Ga.* 458; *Beavers* v. *Williams,* 199 *Ga.* 113 (33 S. E. 2d 343); *Bass* v. *Seaboard Air Line Ry. Co.,* 205 *Ga.* 458, 467 (53 S. E. 2d 895).

2. An exception to the general rule, that the several superior courts of this State have no extraterritorial jurisdiction enabling the court of one county to set aside a judgment rendered by that of a different county, is the rule which provides that a court having jurisdiction of the person of one who has obtained a judgment by fraud may invalidate and set aside such judgment. *Jordan* v. *Harber,* 172 *Ga.* 139, 154 (157 S. E. 652); *Johnson* v. *Peoples Bank,* 173 *Ga.* 250 (1) (160 S. E. 235); *Whiteley* v. *Downs,* 174 *Ga.* 839 (7), 843 (164 S. E. 318).

3. Where, as here, the petitioner sued a resident of DeKalb County in DeKalb Superior Court, alleging that the defendant obtained a land-registration certificate and decree of title in Fulton Superior Court to certain real property owned by the petitioner by failing to disclose in the petition for title registration the death of petitioner's husband, who was her immediate predecessor in title, the filing of his will, the probate thereof, the subsequent litigation as to matters of a year's support and construction of the will, and the decree of the court which vested title in the petitioner, all of which were of record in Fulton County records and which gave full notice to the defendant that her husband was dead and that she was the owner of the property sought to be registered,

274

and she was not legally served or named as a defendant—all of which resulted in a fraud upon the court, since the petition for registration positively alleged that the defendant was the owner and the abstract of title attached failed to disclose the above in the chain of title; and the prayers are that the decree and certificate of title be declared null and void and of no effect, the defendant be required to cancel same and the cancellation entered of record on the certificate, and this decree be entered of record in the land records of Fulton County, and the defendant be restrained from transferring, selling, assigning, or encumbering the property described in the certificate pending the outcome of this case—the petition states a cause of action for the relief sought, and the court did not err in overruling the general demurrers thereto. See *Smith* v. *Mitchell*, 6 *Ga.* 458, supra; *Couey* v. *Talalah Estates Corp.*, 183 *Ga.* 442 (188 S. E. 822); *Beavers* v. *Williams*, 199 *Ga.* 113, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 9, 1954—DECIDED JANUARY 10, 1955.

*Durwood T. Pye,* for plaintiff in error.
*Stephens Mitchell, Mitchell & Mitchell,* contra.