Application of Jesus Flores FRANCISCO and Rita F. Francisco, Petitioners for initial registration of title to land designated as Lot No. 3409, Tagon, Sinajana, Territory of Guam, Petitioners-Appellants,

v.

Dwight LOOK, Respondent-Appellee.

No. 74–3201.

United States Court of Appeals, Ninth Circuit.

June 10, 1976.

Douglas F. Cushnie (argued), of Arriola, Cushnie & Stevens, Agana, Guam, for petitioners-appellants.

Walter S. Ferenz (argued), of Barrett, Ferenz, Bramhall & Klemm, Agana, Guam, for respondent-appellee.

## OPINION

Before TRASK and KENNEDY, Circuit Judges, and WONG,[*] District Judge.

PER CURIAM:

Petitioners appeal from a decision of the District Court of Guam, Appellate Division ("Appellate Division"), reversing a denial of a motion for relief from judgment in a land registration proceeding. We affirm.

Petitioners on August 6, 1970 petitioned the Island Court of Guam for registration of the estate known as Lot No. 3409, Tagon, Sinajana, pursuant to the Guam Land Title Registration Act. Hearing on the petition was held on October 12, 1970, and petitioners were given a decree of registration.

On December 8, 1969, in a separate quiet title action, respondent filed a complaint in the District Court to quiet title of Estate No. 278, Tayagan and Laguina, Yona. Lot No. 3409 is entirely within the area of Estate No. 278. An appropriate filing of lis pendens was made on December 15, 1969. This was not reflected on the abstract of title for Lot No. 3409.

In the proceedings for the registration of Lot No. 3409, petitioners made service by publication but failed to serve notice to

[*] Honorable Dick Yin Wong, United States District Judge, District of Hawaii, sitting by designation.

respondent personally. Respondent contends that he was entitled to personal service as claimant and adjoiner of the property sought to be registered. He argues that in the absence of such required personal service, due process is lacking and the trial court is deemed to lack jurisdiction in rendering a valid land registration decree.

Respondent relies heavily on *Follette v. Pacific Light and Power Corp.*, 189 Cal. 193, 208 P. 295 (1922). This court has stated in *Wells v. Lizama*, 396 F.2d 877, 881 (1968):

Insofar as its effect on Guam law is concerned, we take *Follette* as being limited to defects in an *original* Torrens Act registration. Those jurisdictions which have passed upon the question have generally refused to extend the *Follette* principle to situations involving "subsequent" Torrens registrations (that is, registrations following one or more transfers of title).

[Emphasis in original.]

Since the instant case is an original Torrens Act registration, where no intervening innocent purchaser for value is involved, *Follette* is applicable to the extent that it permits reopening of the question of the validity of the registration. The question before us then is whether there were any defects in the registration proceedings of Lot No. 3409 before the Island Court.

Section 1157.11 of the Guam Civil Code requires personal service in a land registration proceeding to owners of adjoining lands. Section 1157.4 requires that the petition contain:

a statement describing the claim of any other person who has any estate or claims any interest in the land . . . together with the names and post office addresses of all the owners to the adjoining lands, so far as the same can be ascertained upon diligent inquiry.

These two sections, read together, require that diligent inquiry be made by the registrant of adjoining land owners and of those who have claims against the land sought to be registered.

Respondent asserts that petitioners had at least imputed notice of respondent's position as adverse claimant and adjoining land owner through three sources: (1) the lis pendens filed by respondent in the quiet title action of Estate No. 278; (2) notice provided to petitioners' attorney, whose firm had entered appearances and objections in respondent's action, who was served with a map and property description of Estate No. 278, which indicated that the entire area of Lot No. 3409 was encompassed within Estate No. 278, and who had discussed the size and location of Estate No. 278 with respondent; and (3) notice provided the petitioners' surveyor by respondent's surveyor that Lot No. 3409 was totally contained within Estate No. 278.

Respondent's contention of imputed notice to petitioners is more than amply supported by the record. Even if it could be argued that petitioners did not receive actual notice, it is beyond dispute that petitioners were charged with at least imputed knowledge through lis pendens, their attorney, or their surveyor. Under the circumstances of the case, any one of these three would have been sufficient. Furthermore, by reasonably diligent inquiry, petitioners could have become fully aware of respondent's interest as adverse claimant or adjoiner. Under either theory, respondent was therefore entitled to personal service under the cited Guam statutory sections. Respondent having failed to receive it, the decree of land registration issued to the petitioners by the Island Court must be set aside.

AFFIRMED.