In the Matter of the Application of HANA RANCH COMPANY, LIMITED to register title to real property

NO. 7970

(LAND COURT APPLICATION NO. 1602)

MARCH 29, 1982

HAYASHI, C.J., BURNS, J., AND CIRCUIT JUDGE GREIG
IN PLACE OF ASSOCIATE JUDGE PADGETT, DISQUALIFIED

OPINION OF THE COURT BY HAYASHI, C.J.

This is an appeal by Leslie Medeiros from the order denying his motion to vacate the decree of Land Court registering title on March 3, 1975, in favor of Appellee Hana Ranch Co., Ltd., (Hana Ranch) to a parcel of property on the Island of Maui. The original application (Land Court Application 1602) by Hana Ranch sought to register title to an undivided 175321/252000th (.6957) interest in 173.515 acres of land situated in Hamoa, Maui, comprising Royal Patent No. 6923, Mahele Award 3 to Keohokalole. Included in the property sought to be registered was the parcel which is the subject matter in this appeal.

Pursuant to Chapter 307, § 12623, Revised Laws of Hawaii 1945 (RLH),[1] a Land Court examiner was appointed; and on April 17, 1951, the examiner reported that Hana Ranch did not have good paper title to any of the lands covered by the award but had "colorable" paper title to an interest of approximately .5348 of the whole. Nevertheless, Hana Ranch elected to proceed with its Land Court application.

The abstract of title of the land filed with the application revealed that title to the land was derived from Mahele Award 3 and was vested in ten different persons as tenants in common. Nakuina, one of the ten persons, died in 1870; and the abstract revealed that Nakuina made no conveyances of his share, nor was his estate probated.[2] Accordingly, the examiner recommended that Nakuina or his heirs be designated in the notice of application. The abstract further revealed a deed in 1881 in which Kauhane, styling himself

---

[1] Present Hawaii Revised Statutes § 501-32 (1976).

[2] It is under Nakuina's share that appellant claims his interest.

the son of Nakuina, conveyed Nakuina's share in the land to Kalawa; and that Kalawa made no conveyances nor was his estate probated.

In July of 1952, pursuant to Chapter 307, §§ 12624 and 12625, RLH 1945,[3] Hana Ranch published notice to "Nakuina and his heirs" and "Kalawa and his heirs" in the Maui News and the Honolulu Advertiser. Notice was also posted on the land itself and recorded in the Bureau of Conveyances. Known persons were notified by registered mail. The examiner did not quarrel with the notice given, as it was appropriate and in accord with the statutory provisions.[4]

Upon application of Hana Ranch, the court entered on January 20, 1956, a general default of all defendants "who have not appeared or answered."

Hana Ranch's application remained in limbo for quite a time while it negotiated the settlement of the various claims against the property it had sought to register. It was not until 1974 that Hana Ranch finally brought a Motion to Set in Land Court Application 1602. On December 21, 1975, the decree registering title was entered.[5]

On March 3, 1980, appellant filed a motion to vacate the decree of registration entered on December 21, 1975, alleging that the decree was void for failure to comply with the registration statute; and that appellant had been denied constitutional due process. The

---

[3] Present HRS §§ 501-41 and -42 respectively.

[4] Chapter 307, § 12624, RLH 1945.

If, in the opinion of the examiner, the applicant has a good title as alleged, and proper for registration; or, if the applicant after an adverse opinion of the examiner, elects to proceed further, the registrar shall, immediately upon the filing of the examiner's opinion, or the applicant's election, as the case may be, cause notice of the filing of the application to be published in some newspaper of general circulation. The notice shall be issued by the order of the court, attested by the registrar, and shall be in form substantially as follows:

Registration to Title. Land Court. No. . . . .

Territory of Hawaii.

To (here insert and classify the names of all persons known to have an adverse interest, and the adjoining owners and occupants, so far as known), and to all whom it may concern.

\* \* \*

[5] On December 1, 1976, Hana Ranch filed Civil No. 3202 in the Second Circuit Court to quiet title to portions of the parcel that were not included in the Land Court decree. Appellant was named defendant in that suit as an adjoining property owner.

motion was denied on June 20, 1980, and this appeal was filed on July 20, 1980.

By deed dated August 31, 1955, recorded in the Bureau of Conveyances, State of Hawaii, one Antone Duarte purported to convey 2.208 acres of the land to John A. Medeiros, appellant's father. The deed recited that in addition to a son named Kauhane, Nakuina had a daughter named Kaanaana; that Kaanaana married Kalawa, the same person to whom Kauhane had conveyed Nakuina's share in 1881; that Kaanaana and Kalawa died intestate survived by two daughters, Lilinoe and Ane, but that Ane had predeceased Lilinoe; and that Lilinoe and her husband, William Needham, died intestate survived by a son, Moses Needham, who had conveyed the parcel to Antone Duarte by deed dated January 26, 1955.[6]

Appellant's contention is that the 1952 notice to the "heirs of Nakuina" and the "heirs of Kalawa" was inadequate. He argues that Hana Ranch's failure to specifically name his father's predecessors in interest was in violation of the statutory requirement that actual notice be given to all known adverse claimants; that diligent inquiry on Hana's part in its original application would have revealed the names of his father's predecessors in interest; namely, Moses Needham, William Needham, Lilinoe, Kaanaana, and Kauhane. Appellant, however, overlooks the fact that when notice of the application was published, there were no probate records, or prior court proceedings, and nothing in the abstract of title or in the examiner's report by which the applicant might have been notified of Antone Duarte's claim that Kaanaana was the daughter of Nakuina, that Lilinoe was the daughter of Kaanaana, that William Needham was the husband of Lilinoe, and that Moses Needham was the son of Lilinoe and William Needham. No amount of examination of probate records, prior court proceedings or the abstract of title would have disclosed those relationships. The only way it could have been found would be via a document-by-document search in the Bureau of Conveyances.

---

[6] There is no evidence in the record that Hana Ranch knew, prior to the March 3, 1975 decree, of the claims of Moses Needham, Antone Duarte, or John A. Medeiros to the land.

Hawaii Revised Statutes (HRS) § 501-71 governs the procedures for review of a decree of registration entered by Land Court. It bars review of a decree, except where it is alleged to have been obtained by fraud, and in such case requires the petition for review to be filed within one year after entry of the decree.

HRS § 501-71. *Decree of registration; conditional when; quieting title, exceptions; reopened when.*

\* \* \*

Every decree of registration of absolute title shall bind the land and quiet title thereto, subject to the exceptions stated in section 501-82. It shall be conclusive upon and against all persons, including the State, whether mentioned by name in the application, notice, or citation, or included in the general descriptions "to all whom it may concern." *The decree shall not be opened by reason of the absence, infancy, or other disability of any person affected thereby, nor by any proceeding for reversing judgments or decrees; subject, to the right of any person deprived of land or of any estate or interest therein by a decree of registration obtained by fraud to file a petition for review within one year after the entry of the decree;* . . . Any person aggrieved by the decree in any case may pursue his remedy by action of tort against the applicant or any other person for fraud in procuring the decree. [Emphasis added.]

Appellant cites a number of distinguishable cases wherein land registration decrees were reversed for failure to give adequate notice to adverse claimants. *Francisco v. Look,* 537 F.2d 379 (9th Cir. 1976), set aside a decree of land registration where the applicant failed to personally serve an adjoining landowner (as was specifically required by statute) who, the record revealed, was known to the applicant or should have been known because the applicant had appeared in the claimant's quiet title action concerning the same land. Other cases cited by the appellant reversed decrees where it was shown that applicants knowingly failed to notify persons actually known to have an adverse interest, clearly in violation of the relevant statutes.[7]

---

[7] *Konantz v. Stein,* 283 Minn. 33, 167 N.W.2d 1 (1969); *Boroughs v. Belcher,* 211 Ga. 273, 85 S.E.2d 422 (1975).

Appellant further argues the decree is void under either Hawaii Rules of Civil Procedure (HRCP) Rule 60(b)(4) or in the alternative, reversible under Rule 60(b)(6) because of the unusual factual circumstances[8] in this case. Appellant is willing to concede that his claim is otherwise barred by the statute of limitations in HRS § 501-71.

The determination of whether a judgment is void is not a discretionary issue. It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2862 (1973). Other authorities, cognizant of the extraordinary remedy afforded by the rule and the need to narrowly define it, have stated:

> In brief, then, except for the rare case where power is plainly unsurped, if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgment, whether right or wrong, are not subject to collateral attack. . . .

7 MOORE'S FEDERAL PRACTICE ¶ 60.25 (1980). *See also V.T.A. Inc. v. Airco, Inc.*, 597 F.2d 220 (1979); *In Re Four Seasons Securities Law Litigation*, 525 F.2d 500 (10th Cir. 1975).

Appellant contends that the designation of notice to the "heirs of Kalawa" and the "heirs of Nakuina" was inadequate and a denial of due process so as to make the decree void under HRCP Rule 60(b)(4). He argues that by 1975 Hana knew or should have known of appellant's acquired interest and, thus, should have specifically named his predecessors in interest. Under the circumstances, we cannot agree. The record shows that in 1952 appellant's father (John A. Medeiros) and his mother (Maria K. Medeiros) had actual

---

[8] HRCP Rule 60. RELIEF FROM JUDGMENT OR ORDER.

\* \* \*

(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . . (4) the judgment is void; . . . . or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time,* . . . . [Emphasis added.]

notice of the pending application and that appellant's father at that time asked Arthur K. Trask, Esq., to file an answer on behalf of his wife, Maria.[9] Notwithstanding this notice, appellant's father failed, prior to his death in 1960, to disclose on the record his claim in the land which he acquired in 1955 or to file an answer in his own behalf.

Rule 60(b)(6) empowers the court in its discretion to vacate a judgment whenever that action is appropriate to accomplish justice. Like HRCP Rule 60(b)(4), it has no statute of limitations. However,

> The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. However, this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on motion.

WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2864 (1973).

A party seeking relief under HRCP Rule 60(b)(6) after the time of appeal has run must establish the existence of "extraordinary circumstances" that prevented or rendered him unable to prosecute an appeal. *Martella v. Marine Cooks and Stewards Union,* 448 F.2d 729 (9th Cir. 1971); *see also Annat v. Beard,* 277 F.2d 554 (5th Cir.); *cert. denied,* 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223 (1960).

Appellant has not demonstrated "extraordinary circumstances" sufficient for the relief requested.[10] Appellant's claim of inadequate notice and denial of due process is not supported by the record. Appellant's father and predecessor in title acquired title after the application was filed and after he had notice of the pendency of the application. Appellant's mother filed an answer to the original application.

---

[9] The supplemental memorandum in support of the Motion to Vacate Decree filed by appellant's counsel concedes that appellant's father and mother had actual notice of the application. "There is no question that Maria K. Medeiros and John A. Medeiros had notice of the original proceedings in 1952 and that an appearance was filed on behalf of Mrs. Medeiros by Arthur K. Trask, Esq." *See* Record at 81.

[10] We do not decide whether HRS § 501-71 would preclude us from opening this judgment under Rule 60(b)(6) even if extraordinary circumstances were present.

While we look with disfavor upon the manner in which Hana Ranch conducted this litigation and the length of time it was permitted to drag on, there appears to have been no violations of Land Court rules or statutes governing the conduct of the Land Court proceedings.

Affirmed.

*Everett Walton (Ueoka & Luna* of counsel) for appellant.

*Donald Scearce (Cades Schutte Fleming & Wright* of counsel) for applicant-appellee.