**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000523
09-APR-2024
08:04 AM
Dkt. 52 SO**

NO. CAAP-19-0000523

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

AURORA LOAN SERVICES, LLC, A DELAWARE LIMITED LIABILITY
COMPANY, Plaintiff-Appellee,
v.
RANDOLPH GOODWIN CURRIER, STACEY MARIE CURRIER,
Defendants-Appellants,
and
KENNETH A. SMITH, Defendant-Appellee,
and
JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0371(3))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Defendants-Appellants Randolph Goodwin Currier and
Stacey Marie Currier (collectively, **Curriers**) appeal from the
July 1, 2019 "Order Denying Defendants Randolph Goodwin Currier
and Stacey Marie Currier's [Hawai'i Rules of Civil Procedure
(**HRCP**)] Rule 60(b) Motion for Relief from Judgment" (**Order**

**Denying Motion for 60(b) Relief**) filed by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On appeal, the Curriers contend that the Circuit Court erred in denying their Motion for 60(b) Relief,[2] "where the underlying nonjudicial foreclosure relied upon by [Plaintiff-Appellee Aurora Loan Services, LLC (**Aurora**)] in pursuing judgment was invalid and void, due to Aurora's failure to publish notice of its rescheduled foreclosure auction," under Hungate v. Law Off. of David B. Rosen, 139 Hawaiʻi 394, 391 P.3d 1 (2017), abrogated on other grounds by State ex rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawaiʻi 418, 526 P.3d 395 (2023).[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issue raised, we affirm.

---

[1]     The Honorable Joseph E. Cardoza presided.

[2]     HRCP Rule 60(b) entitled "Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc." states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. . . .

While the Curriers contend they are entitled to relief under subsections (b)(4) and (b)(6) of HRCP Rule 60, they fail to provide argument pertinent to (b)(6).  "A party seeking relief under HRCP Rule 60(b)(6) after the time of appeal has run must establish the existence of 'extraordinary circumstances' that prevented or rendered him unable to prosecute an appeal." Application of Hana Ranch Co., Ltd., 3 Haw. App. 141, 147, 642 P.2d 938, 942 (1982) (citations omitted).  The Curriers' claim of error under HRCP Rule 60(b)(6) is waived.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).

[3]     In Hungate, which also involved a nonjudicial foreclosure as here, the Hawaiʻi Supreme Court held that because the power of sale clause in the mortgage required the bank to publish postponements of the foreclosure sale, the circuit court erroneously dismissed the plaintiff's claims that the foreclosure was wrongful for failure to publish postponements of the sale through a new notice.  139 Hawaiʻi at 403-04, 391 P.3d at 10-11.

On April 3, 2014, the Curriers appealed the Circuit Court's March 4, 2014 order, judgment for possession, and writ of possession in favor of Aurora and against the Curriers on Aurora's June 22, 2011 "Complaint for Ejectment." After the Curriers failed to submit an opening brief, this court dismissed the appeal on March 2, 2015.

On May 30, 2019, five years after the entry of the March 4, 2014 judgment and writ of possession, the Curriers filed their Motion for 60(b) Relief relevant to this appeal. On June 10, 2019, Aurora filed an opposition to the Motion, the Curriers filed a reply on June 17, 2019, and the Circuit Court denied the motion on July 1, 2019.

"A circuit court's decision on an HRCP Rule 60(b) motion is reviewed for abuse of discretion[.]" PennyMac Corp v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020) (quoting Haw. Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 147, 883 P.2d 65, 68 (1994)). "The burden of establishing abuse of discretion in denying an HRCP Rule 60(b) motion is on the appellant, and a strong showing is required to establish it." Id. (cleaned up).

The Curriers' sole argument on appeal is that the "nonjudicial foreclosure is void as a matter of law" because under Hungate, "[n]o evidence was produced showing that notice of rescheduling [the auction sale] had been published, which was required under the power of sale." Aurora responds, inter alia, that under Hawaiʻi law, "even where it is determined that a nonjudicial foreclosure of a mortgage is somehow wrongful, the sale of the property may be 'voidable' at the timely election of the mortgagor—as opposed to 'void as a matter of law.'" Aurora's argument has merit.

HRCP Rule 60(b)(4) provides for relief from a judgment when "the judgment is void[.]" In Delapinia v. Nationstar

3

Mortg. LLC, 150 Hawai'i 91, 101-02, 497 P.3d 106, 116-17 (2021), the Hawai'i Supreme Court held that:

> a wrongful foreclosure that violates the power of sale is voidable, not void. This conclusion flows from our cases that make clear that if a foreclosure violates a statute governing the nonjudicial foreclosure scheme, or other law extrinsic to the mortgage itself, the sale is "voidable at the election of the mortgagor," and in turn, "where the property has passed into the hands of an innocent purchaser for value, an action at law for damages is generally the appropriate remedy."

(emphasis added) (cleaned up).  Thus, even where a nonjudicial foreclosure may be wrongful due to failure to strictly comply with the power of sale, the remedy recognized under Hawai'i law is to render such a foreclosure **voidable**, not void as the Curriers contend.  As the Curriers do not raise any other argument why the March 4, 2014 Judgment is void under HRCP Rule 60(b)(4), we conclude the Circuit Court did not abuse its discretion by denying the Curriers' Motion for 60(b) Relief. See PennyMac Corp., 148 Hawai'i at 327, 474 P.3d at 268; HRAP Rule 28(b)(7).

For the foregoing reasons, we affirm the July 1, 2019 "Order Denying Defendants Randolph Goodwin Currier and Stacey Marie Currier's HRCP Rule 60(b) Motion for Relief from Judgment" filed by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawai'i, April 9, 2024.

On the briefs:

Frederick J. Arensmeyer,
for Defendants-Appellants.

Nainoa Watson,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge